STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| D. DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHEL REY MOORE, chief of police of Los Angeles; RICHARD ALARCON, RICHARD ALATORRE, LAURA CHICK, RUTH GALANTER, MIKE HERNANDEZ, MARK RIDLEY-THOMAS, JOEL WACHS, MICHAEL WOO, ZEV YAROLSLAVSKY, all individually, as former Los Angeles City council members; GERALD CHALEFF, ROCHELLE DE LA ROCHA, DEAN HANSELL, DEIRDRE HUGHES HILL, THEODORE WARREN JACKSON, ENRIQUE HERNANDEZ, BARBARA LINDEMANN, REVA TOOLEY, MICHAEL YAMAKI, STEPHEN YSLAS, all individually, as former members of the Los Angeles Board of Police Commissioners; UNKNOWN NAMED DEFENDANTS NOS. 1-10, WHO ARE EITHER POLICYMAKERS, or CITY COUNCIL MEMBERS, or LOS ANGELES BOARD OF POLICE COMMISSION MEMBERS; LAPD OFFICERS AND FORMER | **COMPLAINT**<br>(Damages pursuant to 42 U.S.C. § 1983)<br><br>**JURY DEMAND** |

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | OFFICERS, WILLIAM EAGLESON, JUAN PARGA, JOSE RAMIREZ, and ARMANDO RODRIGUEZ, all as current or former members of the LAPD; UNKNOWN NAMED DEFENDANTS NOS. 101-200, WHO ARE MEMBERS, or EMPLOYEES, or OFFICERS OF, THE LOS ANGELES POLICE DEPARTMENT, BOTH PAST AND PRESENT;<br><br>  Defendants. | |

Plaintiff makes the following allegations in support of the this complaint:

## JURISDICTION AND VENUE

1. Plaintiff is D. DIAZ, who is a person who was for 26 years, from 1998 to 2022, imprisoned as a result of defendant LAPD officers unconstitutional conduct, as set forth fully hereinbelow, and who asserts federal claims, under 42 U.S.C. § 1983 against all defendants.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff unconstitutionally was denied his right to a fair trial and incarcerated and the defendants were the perpetrators of and/or the causes of and/or are legally responsible for plaintiff's captivity, and as well are the unknown named defendants, whose true identities presently are unknown, who participated in the wrongful acts alleged herein, and whose conduct is culpable, and whose unknown names will be replaced by their true identities when those true identities are learned, and they are persons who may have engaged in some conduct that is culpable with respect to plaintiffs. All defendants engaged in the very same

2

conduct, as alleged hereinbelow, by participating in, facilitating, and making the decisions that resulted in the wrongs herein alleged. The plaintiff DAVID DIAZ was an inhabitant of and within the jurisdiction of the United States of America at all times herein alleged.

4. The defendants are as follows: LAPD chief of police MICHEL REY MOORE, in his official capacity only; RICHARD ALARCON, RICHARD ALATORRE, LAURA CHICK, RUTH GALANTER, MIKE HERNANDEZ, NATE HOLDEN, MARK RIDLEY-THOMAS, JOEL WACHS, JOAN MILKE FLORES, , JOY PICUS, ARTHUR SNYDER, MICHAEL WOO, ZEV YAROLSLAVSKY, who all are former Los Angeles City council members, in their individual capacities only;, GERALD CHALEFF, ROCHELLE DE LA ROCHA, DEAN HANSELL, DEIRDRE HUGHES HILL, THEODORE WARREN JACKSON, BARBARA LINDEMANN, REVA TOOLEY, MICHAEL YAMAKI, and STEPHEN YSLAS, all are past members of the City of Los Angeles Board of Police Commissioners, and all of whom who are sued in their individual capacities only; these defendants allegedly were policymakers for and/or persons who could or should have made policy for the LAPD Defendants; LAPD OFFICERS AND FORMER OFFICERS, WILLIAM EAGLESON, JUAN PARGA, JOSE RAMIREZ, and ARMANDO RODRIGUEZ, and the LAPD sworn officers who caused plaintiff's unconstitutional conviction, who are sued in their individual capacities only.

**ALLEGATIONS COMMON TO EACH COUNT**

5. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this complaint.

6. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously,

3

oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit, and only in their administrative and not in their legislative capacities.

7. Plaintiff's Nov. 18, 1999 sentence was commuted on Nov. 10, 2020 and plaintiff was released from penal custody within the last, past two years from the date on which the instant complaint is filed, so that he may seek damages for his unconstitutional conviction and imprisonment and other harm caused by defendants to him, since his conviction has been expunged by executive order, and because a judgment in his favor in this action would not necessarily imply the invalidity of his conviction and sentence; the plaintiff's action, if successful, will not demonstrate the invalidity of his conviction.

8. Defendants, by their actions and inactions, engaged in clearly unconstitutional conduct, with deliberate indifference, and arbitrarily deprived plaintiff of his constitutional rights to life, fundamental liberty, property, and to be free from prolonged and excessive, involuntary incarceration.

9. Plaintiff was jailed from Aug. 11, 1998 to Dec. 7, 2022, nearly 25 years, as a direct result of defendants' wrongful conduct.

10. The claims made herein are asserted pursuant to 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 658 (1978).

11. The plaintiff was deprived of interests protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission or omission, and by conspiracy, such deprivations, while acting under color of law.

12. All acts and/or omissions perpetrated by each defendant, except any defendant only in his/her official capacity, was engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of the plaintiff, and under color of state law.

13. Every defendant in both his/her individual and official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of plaintiff, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by the plaintiff. All defendants' actions were the moving force behind the constitutional violations visited on plaintiff.

14. Decisions, to pay for, or to indemnify for, or to hold harmless for, punitive damages assessed by juries against LAPD police officers all make the defendants other than the police officers liable for the misconduct in this case.

15. Failures to investigate police misconduct and/or to discipline police found culpable for misconduct, inadequate investigations and/or inadequate discipline imposed for police misconduct, and/or a failure to investigate and/or to discipline the police defendants in this case for the alleged misconduct in prior

cases and in this case, all make the defendants other than the police officers liable for the police misconduct in this case.

16. Failures by all defendants to provide civilian oversight of the LAPD, to reign in, to make follow the requirements of the Constitution, and/or to stop LAPD officer defendants and all LAPD officers who, as a continuous group, have caused false charges to be made against innocent persons, who have authored false reports about innocent persons, who have lied on the witness stand ("testilied," as it colloquially is known) to support false charges causing convictions on those charges, and who have done so as to plaintiff, make defendants liable to plaintiff.

17. In doing the alleged wrongful things they did, or in failing to do those things they legally should have done, all defendants acted or failed to act in deliberate indifference to plaintiff's constitutional rights.

18. Failures by all defendants with the duty, power, and responsibility to do so, to provide civilian oversight of the LAPD, to reign in, to make follow the requirements of the Constitution, and/or to stop LAPD officer defendants and all LAPD officers who, as a continuous group, have done the following-enumerated things, make all defendants liable to plaintiff: tampering with and threatening witnesses, planting evidence, coercing confessions from innocent persons, coercing guilty or no contest pleas to criminal charges from innocent persons, lying in police reports, causing false convictions of innocent persons, making illegal threats to suspects, making illegal threats to witnesses, making false arrests, conducting illegal searches, making illegal seizures, making false warrant applications, using excessive force, lying under oath, suborning perjury, lying as witnesses, obstructing discovery of police criminal conduct, covering-up illegal police activity, participating in a code of silence.

19. On or about July 14, 1998, defendants Armando Rodriguez, Juan Parga, and Jose Ramirez fabricated evidence and coerced witnesses to testify to the effect

that plaintiff had committed assault with a deadly weapon, they tampered with witnesses and conspired to obtain the false conviction of plaintiff. Thereafter these LAPD officers fabricated further such evidence along with defendant William Eagleson to cause the false conviction of plaintiff, and all of them caused the kidnapping of plaintiff.

20. As a result of all of these defendants' wrongful conduct, including obstruction of justice, plaintiff suffered a false conviction, was unlawfully incarcerated, and was deprived of his constitutional rights.

21. All LAPD defendants participated in and engaged in this same type of bad and unconstitutional conduct as a vast, LAPD-wide criminal enterprise and conspiracy from at least 1990 to the date of the filing of the complaint in this action, and did so in at least the following-named and -numbered cases and in other cases: People v. Alfaro, BA159394; People v. Blumberg, MA015042; People v. Castro, BA128771; People v. Luna, BA131279; People v. Lobos, BA131378, People v. Hernandez, BA160279; People v. Williams, BA128788; People v. Villatora, BA153152; People v. Rivas, BA165289; People v. Munos, BA135359; People v. Zambrano, BA138148; People v. Oliver, BA135752; People v. Booker, BA057055; People v. Carillo, BA150162.

22. Plaintiff was charged and spent nearly 25 years in prison before being released, within the past two years. His wrongful conviction was the result of LAPD police misconduct, set within a broader custom and practice within the LAPD and the Los Angeles County District Attorney's Office ("LADA") of deliberate indifference to the due process rights of individuals who are charged with crimes.

23. Before and after Plaintiff's arrest, LAPD sworn peace officers and crime lab employees systematically suppressed and mischaracterized in police reports critical exculpatory evidence, including forensic evidence, that pointed to suspects

other than Plaintiff and should have been turned over to Plaintiff and his defense counsel but which was not. After Plaintiff's premature arrest, LAPD constructed its entire investigation around finding and fabricating evidence supporting defendant Eagleson's hunch that Plaintiff was guilty, including threatening and intimidating witnesses and insuring that witnesses who would exculpate plaintiff would not appear in his defense at his trial.

**COUNT 1**
(RELIEF FOR DEPRIVATION OF CIVIL RIGHTS BY INDIVIDUAL DEFENDANTS, 42 U.S.C. § 1983 (Against All Individual Defendants and Does 1-10))

24. Plaintiff realleges all of the contents of all of the foregoing paragraphs and any subsequent paragraphs contained in this complaint, as if fully set forth herein.

25. Defendants WILLIAM EAGLESON, JUAN PARGA, JOSE RAMIREZ, and ARMANDO RODRIGUEZ, and DOES 1 through 10, while acting under color of law, caused Plaintiff to be deprived of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by, *inter alia*, fabricating evidence, failing to disclose material exculpatory evidence, failing to correct false evidence, using suggestive and improper eyewitness identification techniques resulting in false and unreliable identifications, and conducting a reckless investigation into the July 14, 1998 shooting of Remberto Preciado.

26. Defendants' acts and/or omissions that caused these violations were done with deliberate indifference to and/or in reckless disregard of Plaintiff's rights and the truth. As a result of the acts and/or omissions of these individual Defendants, Plaintiff was deprived of his due process right to a fair trial. Among other acts and omissions that violated Plaintiff's rights, Defendants violated Plaintiff's right to a fair trial free of unreliable eyewitness identifications tainted by police suggestion

and/or influence, as set forth in *Manson v. Brathwaite*, 432 U.S. 98 (1977), *Neil v. Biggers*, 409 U.S. 188 (1972), and their progeny. Among other acts and omissions that violated Plaintiff's rights, Defendants violated Plaintiff's rights by fabricating evidence, leading to the presentation of false evidence at Plaintiff's trial, and by failing to correct false evidence presented at Plaintiff's trial. Among other acts and omissions that violated Plaintiff's rights, Defendants violated Plaintiff's rights by failing to disclose material exculpatory and/or impeachment evidence, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Before and after Plaintiff's arrest, LAPD sworn police officers systematically suppressed and mischaracterized in police reports critical exculpatory evidence that pointed to suspects other than Plaintiff and that should have been turned over to Plaintiff and his defense counsel but was not. After Plaintiff's premature arrest, LAPD constructed its entire investigation around finding and fabricating evidence supporting the hunch that Plaintiff was guilty, and failed to correct false testimony, defendant Eagleson presented expert opinion testimony that he knew and/or should have known was false, that plaintiff had shot Preciado, and Defendants violated Plaintiff's rights by continuing the investigation of Plaintiff and causing the arrest and prosecution of Plaintiff, when they knew, or were deliberately indifferent to or recklessly disregarded, the truth that Plaintiff was not the person who shot Preciado.

27. Plaintiff asserts both procedural and substantive due process violations. To the extent that the source of Plaintiff's rights is any constitutional or statutory source(s) other than the Due Process Clause, this claim is also predicated on such source(s). Defendants, and each of them, conspired and agreed to commit the above-described deprivations of Plaintiff's constitutional rights and acted jointly and in concert to deprive Plaintiff of his rights to be free from unreasonable

9

seizures, to due process, to a fair trial, and to be free from false and groundless criminal prosecution, based on false and/or unreliable evidence.

28. Defendants, and each of them, engaged in, knew about, or should have known about the acts and/or omissions that caused the constitutional deprivations alleged herein and failed to prevent them and/or ratified/approved them and/or acquiesced to them. Defendants, and each of them, committed the aforementioned acts and omissions in both objective and subjective bad faith and with knowledge that their conduct violated well-established law. As a direct and proximate result of Defendants' aforementioned acts and/or omissions, Plaintiff was injured as set forth in earlier paragraphs of this complaint and is entitled to compensatory damages, according to proof. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully, maliciously, oppressively, and/or in reckless disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to punitive and exemplary damages from Defendants according to proof.

## COUNT 2
### (DEPRIVATION OF CIVIL RIGHTS BY ENTITY DEFENDANTS 42 U.S.C. § 1983 (Monell Violations) (Against Defendants City of Los Angeles Defendants Who Are Sued Only In Their Official Capacities)

29. Plaintiff realleges all foregoing paragraphs and any subsequent paragraphs contained in this complaint, as if fully set forth herein. At all relevant times, the official-capacity Defendants possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the LAPD, as well as the actions of employees and/or agents of the LAPD, including customs, policies, and/or practices relating to police tactics, methods, investigations, arrests, evidence, and discovery; as well as to personnel supervision, performance evaluation, individual investigations, discipline, records maintenance, and/or retention. Despite these powers and obligations, these Defendants, with deliberate indifference and reckless disregard to the safety,

security, and constitutional rights of criminal suspects and defendants, including Plaintiff, had no established or clear policy, did not provide adequate training and supervision, failed to stop or correct widespread patterns of unconstitutional conduct, and/or otherwise failed to carry out their responsibilities.

**WHEREFORE**, plaintiff requests relief against each defendant, as follows:

1. Compensatory damages in the sum of $20,000,000.00;

2. Punitive damages in the sum of $100,000,000.00;

3. The costs of action;

4. Attorneys' fees; and,

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiffs demand trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**